Mr. Justice CLIFFORD
 

 delivered the opinion of the court.
 

 Judgment was rendered for the plaintiff in the court below, and the defendant in that court excepted and sued out this writ of error. Cause of action, as stated by the plaintiff in his original petition, was that the defendant, Thomas H. Newell, was justly indebted to him in the full sum of two thousand five hundred and eighty-seven dollars and eighty-five cents, with interest thereon from the eleventh day of January, 1855, until paid, at the rate of eight per cent, per annum. He also alleged that the defendant, together with one Thomas Hamilton, deceased, as the owners of a certain steamboat engaged in carrying freight and passengers for
 
 *580
 
 hire on the same eleventh clay of January, made and executed to him their note for that sum, payable one day after date, with interest thereon at the rate of ten per cent, per annum from the date of the note, which was annexed to and made part of the petition. In his supplemental petition the plaintiff alleged that during the month of June, 1854, he shipped on board the steamer aforesaid, of which the defendant and the said Thomas Hamilton were the owners, four thousand seven hundred and sixteen sacks of salt, to he transported to Nashville, and there to he delivered to certain consignees, and that a large part of the shipment, to wit> two thousand four hundred and six sacks of the salt were never so transported and delivered: and he avei’red that he was entitled to recover for the value of the deficit, and that the note annexed to the original petition and signed “Newell and Hamilton, owners,” was given by them for that consideration.
 

 Service was made by attachment, as the defendant resided permanently out of the State, and the writ of attachment was duly served on the aforesaid steamboat, then lying in the port of New Orleans. Due return having been made by the sheriff, the defendant appeared in the case, and on his motion the property attached was discharged, he having given bond to satisfy such judgment as might, be rendered against him in the suit. All these proceedings took place in the Fifth District Court of New Orleans, but the cause was shortly afterwards, on motion of the defendant, removed into the Circuit Court of the Hnited States for that district, under the twelfth section of the Judiciary Act.
 

 Principal defences, as pleaded in the original and supplemental answers of the defendant, were: 1. A general denial of all the allegations of the petition. 2. That the defendant never was a member of a firm or partnership called Newell & Hamilton, and that no person ever had power or authority to bind him by note or otherwise under that name or style. 8. That the supposed cause of action accrued more than one year prior to. the institution of the suit, and that the same was barred by the prescription of one year.
 

 
 *581
 
 1. Testimony was taken, and the cause was submitted to the court without the intervention, of a jury. . Although there was no jury trial, still the ruling's of the court, under the peculiar practice in the Louisiana district, may be examined in this court upon writ of error, and the judgment reversed or affirmed by a bill of exceptions, in the same manner as if there had been a jury trial. They may also be revised here upon a state of facts found by the court, but the question presented in the court below and decided by the court must be clearly stated.
 
 *
 

 Applying that rule to the present case, it is clear that no questions are properly before the court in this ease except such as are distinctly presented in the bill of exceptions. Recurring to that source, it appears that the court found from the evidence that the steamer which carried the freight was commanded by the defendant, and that he owned three-fourths part of her, and that Thomas Hamilton (since deceased), owned the remaining one-fourth; that they were not partners, and never had any partnership name for transacting the business of their steamboat, and were not accustomed to sign bills or notes for each other, but that each signed for himself whenever it was necessary to give securities concerning the business of the boat, and that the note annexed to the original petition was not in the handwriting of the defendant. Full proof, however, was introduced that the consideration of the note was the balance due by the steamboat and owners for the salt not delivered to the plaintiff, and that the defendant was aware of the making of the note and of the consideration for which it was given.
 

 2. Second objection of the defendant under the general issue was that the plaintiff could not recover upon the consideration’ stated in the petition, because the bill of lading was not produced; but the court ruled that the suit was not brought on that instrument: that it was a suit to collect the sum acknowledged to be due to the plaintiff in consequence of the breach of the contract.' Undoubtedly that ruling was
 
 *582
 
 correct, as is obvious from the allegations of botli petitions. They allege the consideration of the note as the cause of action, rather than the note itself, and the judgment of the court very properly followed the declaration or petition. Reference is made in the bill of exceptions to the note and the testimony in support of it rather as evidence of the amount due to the plaintiff than as the foundation of the suit.
 

 3. But the plaintiff in error still relies upon the plea of prescription, and insists that the action was barred by that limitation. Nothing is said upon that subject in the opinion of the court, but inasmuch as that defence was set up in the answer, and is mentioned in the bill of exceptions as one of the objections taken by the defendant to the right of the plaintiff to recover, we think the point is properly open to review in this court. Hamilton gave the note in liquidation of the demand of the plaintiff, and the bill of exceptions states that the defendant had notice of it before the death of Hamilton, who died in August, 1855. After the death of Hamilton his administrator made a settlement with the defendant, and transferred to him the one-fourth of the steamboat which belonged to his intestate, and in consideration of that transfer the defendant assumed and agreed to pay all the debts due by the boat. Express statement of the bill of exceptions is that that settlement took place on the twenty-second day of September, 1856, and that the cause of action in this case was included in that settlement. Viewing the matter in that light, the court held that the promise of the defendant to the administrator of the deceased part owner enured to the benefit of the plaintiff, and inasmuch as it was within the year next preceding the commencement of the suit, it was doubtless the conclusion of the court that the plea of prescription was not maintained. Suggestion of the defendant, however, is that there was no. satisfactory proof of the acknowledgment of the specific amount stated in the petition, but the state:nent in the bill of exceptions is substantially otherwise, and we think the statement was fully warranted by the pleadings and evi-
 
 *583
 
 denee. Assuming tbe facts to be so, then it is clear that tbe plea of prescription is not maintained, as tbe petition was filed on tbe twentieth day of April, 1857, less than one year after tbe settlement was made.
 

 4. Remaining objection of tbe present plaintiff, tbe defendant below, is that tbe court erred in allowing eight per cent, interest. Legal interest in Louisiana is fixed at five per cent., and tbe legislature has provided that “ conventional interest shall in no case exceed eight per cent., under pain of forfeiture of tbe entire interest so contracted.” Theory of tbe plaintiff in error is that tbe judgment was rendered upon the note, and that inasmuch as tbe note stipulated for tbe payment of ten per cent., tbe entire interest was forfeited. Present defendant denies that theory, and we think it cannot be sustained for the reasons already given. Judgment was rendered on tbe cause of action stated in tbe petition, as before explained, and not on tbe note, as assumed by the present plaintiff. Conventional interest might be eight per cent., and as the petition claimed no more, and no more was allowed by the court, tbe presumption, in tbe absence of proof to the contrary and of any exception to tbe decision of tbe court, is that the judgment is correct. Such a question might have been presented in tbe finding of tbe court, or it might have been presented in the bill of exceptions on objection to tbe ruling of the court. But usury was not set up, either in the original or supplemental answers, and it does not appear that any such objection was made in the court below. Parties might lawfully agree that the rate of interest should be eight per cent., and inasmuch as that rate was demanded in the petition and was allowed by the court, and no objection was taken to the ruling of the court, it must be presumed in this court, under the state of the pleadings exhibited in the record, that the court decided correctly.
 

 The decree of the Circuit Court is therefore
 

 AFFIRMED, WITH COSTS.
 

 *
 

 Arthurs et al.
 
 v.
 
 Hart, 17 Howard, 15.